NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA DEL TRANSITO MORAN-
MARINERO; YOSELIN GABRIELA
REINA-MORAN,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 20-71622

Agency Nos.  A206-418-975
A206-418-976

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2023[**]
Pasadena, California

Before:  WARDLAW, CHRISTEN, and SUNG, Circuit Judges.

Maria Moran-Marinero (Petitioner) and her now-adult daughter, natives and

citizens of El Salvador, petition for review of the Board of Immigration Appeals'

order dismissing Petitioner's appeal from an immigration judge's decision denying

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

her applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Our jurisdiction is governed by 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

1. Petitioner has not established that she is entitled to asylum. "To qualify for asylum, an alien must demonstrate by clear and convincing evidence that the alien's application for asylum was 'filed within 1 year after the date of the alien's arrival in the United States.'" *Al Ramahi v. Holder*, 725 F.3d 1133, 1134–35 (9th Cir. 2013) (quoting 8 U.S.C. § 1158(a)(2)(B)). An alien can obtain an exemption from the 1-year time bar by showing either (1) "changed circumstances" affecting his eligibility; or (2) "extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(D). In such cases, the alien must still "file an asylum application within a reasonable period." 8 C.F.R. § 1208.4(a)(4)(ii), (a)(5).

Petitioner last entered the United States in March 2014 and filed her asylum application in December 2016. The agency concluded that Petitioner's almost three-year delay in applying for asylum was not reasonable. Petitioner did not contest this determination and has therefore waived any challenge to it. *Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (issues not raised in opening brief are waived).

2. The agency's denial of Petitioner's application for withholding of removal is supported by substantial evidence. The record does not demonstrate that Petitioner's proposed group – Salvadoran merchants or businesswomen at risk of harm from gangs – is "composed of members who share a common immutable characteristic," or that Salvadoran society perceives business owners as a distinct social group. *See Macedo Templos v. Wilkinson*, 987 F.3d 877, 882 (9th Cir. 2021) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). Thus, Petitioner failed to establish that her proposed social group is cognizable. *See id.* at 882–83.

3. Finally, substantial evidence supports the denial of CAT relief. Petitioner has not shown past harm rising to the level of torture, and the agency reasonably concluded that her fear of torture by or with the acquiescence of public officials is speculative. Therefore, the record does not compel the conclusion that Petitioner satisfied her burden for CAT protection. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) (holding that an applicant seeking relief under the CAT must establish that she "will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country").

**PETITION DENIED.** The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.